UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MILES TORAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00044-JMS-MKK |
| ) | |
| ISAAC RANDOLPH, ) | |
| CARLA COAKLEY Offender Grievance ) | |
| Specialist, ) | |
| MADISEN GILBERT Offender Grievance ) | |
| Specialist, ) | |
| AMBER WALLACE Mailroom Supervisor, ) | |
| C. STEVENSON Mailroom Staff, ) | |
| JENNIFER GARDNER GTL Liaison, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Miles Toran brings this lawsuit based on his allegations that the defendants confiscated a book from him in violation of his constitutional rights. Defendant Jennifer Gardner has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Dkt. 22. For the following reasons, the motion is **GRANTED**, and defendant Jennifer Gardner is dismissed from this action.

I.   Facts

In his complaint, Mr. Toran alleges that numerous IDOC defendants and Jennifer Gardner, identified as "GTL Liaison", violated his constitutional rights when they confiscated a book his father had photocopied and sent to him titled "Strategy Game Design." Dkt. 1 at 3-4. Mr. Toran stated that upon confiscation by the prison, he wrote to Jennifer Gardner stating that he was unable to receive the book due to copyright issues and requesting her assistance. He later received an unsigned response stating "All e-books must be approved by DOC + Viapath for the vendor to put out. You cannot buy them and have them added." *Id.* The Court screened Mr. Toran's complaint

and allowed a first amendment claim against Ms. Gardner to proceed. Dkt. 9. Ms. Gardner argues that as a subcontractor with ViaPath under BCForward, she was not acting under the color of state law when she received Mr. Toran's letter. Dkt. 23.

## II.     Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a plausible claim "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). When ruling on 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), and gives the plaintiff "the benefit of imagination, so long as the hypotheses are consistent with the complaint," *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (cleaned up). However, it will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

## III.     Analysis

The complaint identifies Defendant Jennifer Gardner as the GTL liaison, which the Court interpreted to mean that she managed inmates' access to telecommunications services. Ms. Gardner now moves to dismiss the claims against her for failure to state a claim under Rule 12(b)(6). She

clarifies that she is employed by BCForward, which subcontracts with ViaPath, which contracts with the prison to provide telecommunications services. Dkt. 23 at 5. Ms. Gardner seeks dismissal on grounds that the complaint does not support a reasonable inference that she acted under color of state law as necessary to state a claim under 42 U.S.C. § 1983.

"Because § 1983 liability only extends to private parties when they act 'under color of state law,' . . . the threshold question . . . is whether the defendants . . . were engaged in state action at the time of the alleged constitutional violations." *Scott v. Univ. of Chicago Med. Ctr.*, 107 F.4th 752, 757 (7th Cir. 2024). In *Scott*, the Seventh Circuit identified three ways a private entity can be found to act under color of state law.

"Under the 'joint action' or 'conspiracy' theory, a private party who conspires with the government to infringe on a plaintiff's rights will be classified as a state actor." *Id.* at 757 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Under this theory, the plaintiff must support a reasonable inference that the private defendants and state actors "'had a meeting of the minds and thus reached an understanding . . . to deny'" the plaintiff's rights. *Scott*, 107 F.4th at 758 (quoting *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016)). The complaint, dkt. 1, describe several acts of misconduct by Ms. Gardner and numerous prison staff members, but it does not allege any facts supporting an inference that she deliberately coordinated with any other staff member to deprive Mr. Toran of his book without due process.

A private party can act under of state law when it performs "a function that has traditionally been 'the exclusive prerogative of the State.'" *Scott*, 107 F.4th at 757 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). For example, because the Eighth Amendment obligates the states to provide medical care for prisoners, private physicians who contract to fulfill that obligation act under color of state law. *West v. Atkins*, 487 U.S. 42, 54–55 (1988). This Court is

unaware of any comparable decision finding that the provision of telecommunications services to prisoners has traditionally been the exclusive prerogative of the state or even that the states are obligated to provide telecommunications services to inmates. *See Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996) ("Greater access to a telephone is not a basic human need."); *see also Wrinkles v. Davis*, 311 F. Supp. 2d 735, 741 (N.D. Ind. 2004) (no Eighth Amendment claim where plaintiffs alleged denial of phone access for 55 days plus other deprivations).

Finally, "Courts will also find state action when a private party and the State are interdependent 'to the point of largely overlapping identity.'" *Scott*, 107 F.4th at 757 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001). This approach requires the plaintiff to support an inference that the private entity is controlled by the state, that the state has delegated a public function to the entity, that the entity is entwined with government policies, or that the government is entwined in the private entity's management or control. *Brentwood*, 531 U.S. at 296–303. No allegations in the complaint support an inference that Indiana or its Department of Correction have delegated a public function to ViaPath or that they are entwined in the management or control of ViaPath or its subcontractor to the extent that their identities overlap.

The color-of-state-law inquiry is fact-intensive, *Scott*, 107 F.4th at 757, so it may be possible to demonstrate that a private individual in Ms. Gardner's position or an employee of a similar private entity could act under color of state law. In his response, Mr. Toran argues that because of her knowledge of his complaints and her status as the sole designated liaison, she is acting under color of state law. Dkt. 25 at 3. The Court disagrees. Viewed in the light most favorable to Mr. Toran, the complaint alleges only that Ms. Gardner received correspondence related to Mr. Toran's book. No allegations support an inference that she did so under color of state

law or conspired with the government to do so. Accordingly, she is entitled to dismissal under Rule 12(b)(6).

## IV. Conclusion

Ms. Jennifer Gardner's motion to dismiss, dkt. [22], is **granted**. Claims against Ms. Gardner are dismissed **with prejudice**. The **clerk is directed** to **terminate** her from the docket. No partial final judgment will issue.

**IT IS SO ORDERED.**

Date: 1/7/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MILES TORAN
231496
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel